**QUI–LIAN LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 08–0819–ag.**

United States Court of Appeals, Second Circuit.

Dec. 8, 2008.

Benjamin B. Xue, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle G. Latour, Assistant Director, Michele Y.F. Sarko, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Qui–Lian Lin, a native and citizen of the People's Republic of China, seeks review of a January 23, 2008 order of the BIA, affirming the May 2, 2006 decision of Immigration Judge ("IJ") Philip Morace, which denied Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qui–Lian Lin,* No. A98 718 637 (B.I.A. Jan. 23, 2008), *aff'g* No. A98 718 637 (Immig. Ct. N.Y. City May 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as

supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We find no error in the agency's conclusion that Lin's fear of sterilization pursuant to China's coercive population control program was speculative (and therefore not well-founded). She was unmarried, had no children, and alleged no previous contact with or opposition to Chinese family planning officials. We have previously found that, "[i]n the absence of solid support in the record for [an asylum applicant's] assertion that he will be subjected to forced sterilization [or some other form of persecution], his fear is speculative at best." *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). *But cf. Rui Ying Lin v. Gonzales,* 445 F.3d 127, 135–36 (2d Cir.2006). Moreover, the agency correctly concluded that Lin was ineligible for asylum based on the forced sterilization of her mother and cousin. *See Tao Jiang v. Gonzales,* 500 F.3d 137, 140–41 (2d Cir.2007) (citing *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308–09 (2d Cir. 2007)).

Furthermore, the agency reasonably found that Lin was ineligible for asylum on the basis of her illegal departure from China. With respect to illegal departure claims, this Court has observed that, "[t]he possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum." *Qun*

*Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam). Thus, the agency did not err in finding that Lin failed to establish a well-founded fear of persecution.

Accordingly, the agency reasonably denied Lin's asylum and withholding of removal claims as they were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, we are without jurisdiction to review Lin's argument that she merits CAT relief because she failed to raise this argument before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 117–19 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.